(24 App. Div. 53.)

## AVERILL v. BARBER et al.

(Supreme Court, Appellate Division, First Department.　December 31, 1897.)

1. APPEAL FROM INTERLOCUTORY JUDGMENT—REVIEW ON APPEAL FROM FINAL JUDGMENT.

In the provision of Code Civ. Proc. § 1350, that where final judgment is taken after the affirmance, upon an appeal to the appellate division (or former general term) of an interlocutory judgment, an appeal to the appellate division from the final judgment brings up for review "only the proceedings to take the final judgment, or upon which the final judgment was taken," etc., the latter clause relates to such proceedings as have taken place since the affirmance of the interlocutory judgment.

2. DECREE FOR ACCOUNTING—RES JUDICATA.

Under a decree establishing that a defendant is a trustee for the plaintiff of certain patents and all the profits made from or by means thereof, directly or indirectly, by him or any one claiming under him, and that the plaintiff is entitled to such profits, and directing an accounting accordingly, the defendant cannot, on such accounting, relieve himself from liability by showing that, as between himself and a third party, he was a trustee for the latter, to whom he has paid over such profits.

3. TRUSTEE—ACCOUNTING.

B., who held certain patents in trust for plaintiff, procured valuable contracts for work thereunder, some of which was performed during the life of the patents and reissues, and the balance thereafter. In an action for an accounting, *held*, that his liability to account for profits was not confined to those earned during the life of the patents and reissues, but covered those of the entire work.

Appeal from special term

Action by William W. Averill against Amzi L. Barber and others.　Decree for plaintiff, and defendants Barber, McLain, and Langdon and the plaintiff appeal.　Modified.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, and WILLIAMS, JJ.

Edward Hassett and William F. Moore, for plaintiff.

Frederic R. Coudert, A. S. Worthington, and Wm. W. Niles, for defendants.

WILLIAMS, J.　The action was brought by the plaintiff as a stockholder of the American Asphalt Pavement Company, for the benefit of that company and its stockholders, against the defendants here appealing and others, to compel the defendants to transfer to the American Asphalt Pavement Company certain patents, known as the "De Smidt Patents," which the appealing defendants had purchased and taken title to themselves, and procured to be reissued, while at the same time such defendants were trustees of the American Asphalt Pavement Company, and to compel them to account for and pay over to that company any and all profits realized by them, from or by reason of such patents and reissues thereof.　A trial of the case was had, which resulted in an interlocutory judgment decreeing, among other things, that the plaintiff, as a stockholder of the American Asphalt Pavement Company, was entitled to maintain the action; that the De Smidt patents, upon their acquisition by the appealing defendants, became and were, in equity, the property of that company and its stockhold-

ers; that said defendants were severally trustees for that company of such patents, and all profits made by them, or any one claiming under them, from or by means of such patents, and that that company was entitled to all such profits; that the plaintiff was entitled in the action to have a receiver appointed of the patents and of the money due to the company for and on account of such profits, and to have the patents transferred to the receiver, and to have an accounting as to such profits; that the appealing defendants and the defendant Barber Asphalt Paving Company severally account for and pay over to such receiver all profits made by them, or either of them, directly or indirectly, in money or other values, from or by means of said patents, or either of them, or by means of either of the issues thereof. A receiver was appointed by the judgment, and a referee to take the accounting. This interlocutory judgment, on appeal to the general term, was in all respects affirmed as to all the defendants except the Barber Asphalt Paving Company, as to which latter company it was reversed. 6 N. Y. Supp. 255. Thereupon the accounting was had before the referee, pursuant to the interlocutory judgment, and the referee made his report, wherein he found, among other things, that no claim was made before him against the defendants McLain and Langdon; that during the year 1882, and thereafter, the defendant Barber entered into certain contracts with the city of Buffalo, N. Y., for paving streets; that such streets were paved by said Barber, or those claiming under him, during the years 1883 to 1889, both inclusive, and that large profits were realized therefrom; that these profits were so realized by means of the De Smidt patents, which expired May 31, 1887; that the gross amount received for such pavement laid prior to May 31, 1887, was $1,705,149.00, the expenses incurred $1,415,248.75, leaving the net profit realized therefrom $289,900.25; that the gross amount received for such pavement laid subsequent to May 31, 1887, was $791,285.89, the expense incurred $683,380.70, leaving the net profit realized therefrom $102,905.19; and then the referee held that Barber should account for such profits realized on work done prior to May 31, 1887, when the patents expired, but was not accountable for any profits accruing subsequent to that date (all the contracts were made prior to that date), and that plaintiff was entitled to judgment that the defendant Barber pay over to the receiver the $289,900.25, with interest, $176,500.93, making in all $466,401.18. This report was confirmed by the court, and judgment was ordered in favor of plaintiff against Barber, in accordance with the interlocutory judgment, for the profits above and interest. Upon this order, however, a judgment was entered, not in accordance with the interlocutory judgment, which provided that the profits be paid to the receiver, but that the plaintiff personally recover from Barber this amount, and that the plaintiff pay it over to the receiver, to be held by him subject to the further order of the court. From this judgment the appeals herein are taken. The defendants appealing ask to review the whole judgment. The plaintiff, by his appeal, seeks to modify the judgment by increasing the amount, so as to in-

clude the profits realized subsequent, as well as prior, to May 31, 1887, the date of the expiration of the De Smidt patents.

These are appeals from a final judgment after the affirmance (so far as these appealing defendants are concerned), upon appeal to the general term, of the interlocutory judgment in the action; and therefore the appeals bring up for review here only the proceedings to take final judgment and upon which the final judgment was taken. Code Civ. Proc. § 1350. And these are such proceedings as have taken place since the affirmance of the interlocutory judgment. We must assume, therefore, for the purpose of this appeal, that the interlocutory judgment, so far as these appealing defendants are concerned, was and is absolutely correct. That judgment appointed the referee to take the accounting, and directed what accounting he should take, viz.:

"Of all profits made by the defendants, or either of them, directly or indirectly, in money or other valuables, from or by means of the De Smidt patents, or either of them, or by means of either of the reissues thereof; that upon said accounting the defendants be severally charged with all profits realized as aforesaid, and credited with the sum or sums, if any, expended by them in securing the patents and their reissues."

It will be noted that the judgment also determined that these defendants were severally trustees for the American Asphalt Pavement Company of these patents and the issues thereof, and of all the profits severally made by them from or by means thereof, or by any one claiming under them or either of them, and that the American Asphalt Pavement Company was entitled to all the profits and emoluments acquired and derived by these defendants, or by any one claiming under them or either of them. from these patents and reissues, and the use thereof, from the time of their acquisition by the defendants or either of them. These provisions of the interlocutory judgment indicate very clearly the nature of the accounting to be taken by and before the referee. During the time that the contracts for the Buffalo paving were being made, and carried out,—1882 to 1889, both inclusive,—Barber held the patents and reissues, and the contracts were for work thereunder. He personally made all the contracts in his own name, and the money due from the city of Buffalo upon the contracts was all paid by drafts to the order of Barber.

It is said that he personally realized no profits from these contracts, or the work done thereunder, because he was acting as the trustee and agent, merely, of the Barber Asphalt Paving Company, in holding the title to the patents and the reissues thereof, in making the contracts, and in receiving the moneys paid by the city of Buffalo thereon; that really the Barber Asphalt Paving Company performed the work; and that he (Barber) on receipt of the drafts from the city of Buffalo indorsed them over to the Barber Asphalt Paving Company, and the company, and not he (Barber), received and had the moneys realized from the work under the contracts. While all this may have been true, as between the Barber Asphalt Paving Company and Barber as its trustee, still it must be remembered that, as between the American Asphalt Pavement Company

and Barber, he was the trustee of the latter company as to the patents, reissues, and all profits and emoluments acquired or derived therefrom or by means thereof, and the use thereof by him, directly or indirectly, or by any one claiming under him; and, it appearing that Barber, the trustee, held the patents, and made the contracts under the patent, and that the work was done under the contracts, and the drafts in payment therefor came into his hands, it is not apparent how he could relieve himself from liability to account, under the interlocutory judgment, for such profits as the trustee of the American Asphalt Pavement Company, by alleging and proving his real relations to and with the Barber Asphalt Paving Company. As to the American Company, he held the patents as its trustee, he made the contracts as its trustee, as its trustee he procured and allowed the work to be done, and received the money upon the contracts. The profits upon this work under these contracts were realized by him, or, at least, by the Barber Asphalt Paving Company, claiming under him, under patents held by him, and under contracts made by him. Barber, being the trustee for the American Company, could not shield himself from liability for profits, by allowing or permitting some one else to make such profits, instead of making them himself.

The referee was not only justified in holding Barber liable to account for the profits realized under these contracts prior to the expiration of the patents and reissues thereof, but he should also have held him liable to account for the profits realized under the contracts subsequent to the expiration of the patents and reissues. The contracts were all made during the life of the patents and reissues thereof. The patents belonged to the American Asphalt Pavement Company. The contracts, when made, were the contracts of that company, and they had a right to the profits realized under the contracts, whether the work was actually done before or after the expiration of the patents or reissues thereof. The referee could not separate the work under the contracts, and hold Barber liable to account for the specific part of the work covered by the patents and the reissues thereof, and that alone. The contracts were for a completed pavement under the patents and reissues thereof. No contracts would have been made for the unpatented portion of the work. That was merely an incident to the work covered by the patents and reissues thereof. And all the profits must be said to have been realized from, by the use of, and by means of the patents and reissues, within the language of the interlocutory judgment. The referee was not required to pass upon any question as to the validity of the patents or the reissue thereof. That question was not within the purview of the duty imposed upon him, and if it had been, he must have held it wholly immaterial. Whether the patents were valid or invalid, they belonged to the company, and not to Barber.

We do not regard it necessary to refer to any other questions raised upon this appeal. The judgment should be modified by increasing the amount to be paid by the defendant Barber to the receiver by the sum of $102,905.15, with interest from January 1,

1888, which seems to be a proper average date, and, so as to conform to the directions given by the interlocutory judgment, the referee's report, and the order for final judgment, by directing the moneys to be paid by Barber to be so paid to the receiver in the action, and striking out the clause in the judgment that plaintiff recover such amount from Barber, and pay it over to the receiver.

Judgment modified in the respects indicated herein, and, as modified, affirmed, with costs. All concur.